IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TRACY B. WALLACE | § | |
| | § | |
| | § | |
| | § | CIVIL ACTION NO. 5:14-cv-884 |
| VS. | § | |
| | § | JURY DEMANDED |
| EDUCATION MANAGEMENT CORP. | § | |
| d/b/a BROWN MACKIE COLLEGE- SAN | § | |
| ANTONIO LLC | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Comes now Plaintiff TRACY B. WALLACE, hereafter "Plaintiff," or "Ms. Wallace," and files this Plaintiff's Original Complaint against Defendant EDUCATION MANAGEMENT CORP. d/b/a BROWN MACKIE COLLEGE – SAN ANTONIO LLC, hereafter "Defendant," and for cause of action shows unto the Court the following:

## I.
## PARTIES

1.    Plaintiff TRACY B. WALLACE is an individual residing in Jourdanton, Texas, who is a United States Citizen and a resident of the State of Texas.

2.    Defendant EDUCATION MANAGEMENT CORP. d/b/a BROWN MACKIE COLLEGE – SAN ANTONIO LLC, is a Domestic Limited Liability Company within the State of Texas, and may be served with process by the clerk of the court by serving by certified mail, return receipt requested to Corporate Service Company dba CSC – Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218, USA.

## II.
## JURISDICTION

3. This court has jurisdiction because the action arises under Title 42 U.S.C. Section 2000e *et. seq.* as amended by the Civil Rights Act of 1991 and the Texas Labor Code and the amount in controversy exceeds $75,000.00.

4. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## III.
## VENUE

5. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this district. Plaintiff worked at Brown Mackie College in this district and the acts were committed by the Defendant.

6. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the employment records relevant to the alleged unlawful employment practice are maintained and administered in this district.

7. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because plaintiff would have worked in this district but for the alleged unlawful employment practice.

8. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because defendant has its principal office in this district.

## IV.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 90 days

after receiving a notice of the right to sue from the EEOC.  A copy of the notice of the right to sue is attached as **Exhibit "A"**.

## V.
## FACTUAL BACKGROUND

10.	Ms. Tracy B. Wallace, a female, was hired in October 2012, as a clinical instructor by Brown Mackie College. From the beginning of her time with Defendant, there was a pattern of sexism exhibited against Ms. Wallace and her female co-workers.  Males hired after Ms. Wallace often were paid more than her, despite having less experience and less education. Ms. Wallace has the equivalent of an associate's degree and more work hours than her male counterparts, including Effron and Jay, two male clinical instructor coworkers.  She worked for Defendant for longer than either of them and had more experience, but was paid less than both.  Even males that she had personally trained and that were hired after her began receiving a higher rate of pay than her within three months of their employment.  The male employees she supervised were paid more than she received in compensation.

11.	Requests were made to her supervisor by her and another female employee to increase her rate of pay, but Ms. Wallace's pay was not increased.  In June 2013, Ms. Wallace was receiving less hours than other clinical instructors after a new rotation of students arrived.  Effron and Jay, her male counterparts, received more hours.  When it was brought to the Chair Department Javier Espinales' attention that Ms. Wallace had received less hours, he started interviewing potential employees to replace Ms. Wallace. Ms. Wallace was replaced by a male employee the following Monday. Ms. Wallace was not allowed to return to campus to do labs after her termination.

12. After Ms. Wallace was wrongfully terminated, Defendant alleged to the Texas Workforce Commission ("TWC") that Ms. Wallace resigned voluntarily. Ms. Wallace worked some construction because she could not support herself financially with the limited hours provided to her by Defendant, but did not resign. She was unable to support herself financially on the reduced hours she had received in comparison to her male coworkers. Defendant's report to the TWC was further retaliation against Ms. Wallace.

## VI.
## DISCRIMINATION AND RETALIATION BASED ON SEX AND RACE UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. § 2000e, *et seq.* and the TEX. LABOR CODE § 21.051, *et seq.*

13. Plaintiff was an employee within the meaning of Title VII and belong to a class protected under the statute, namely female {See 42 U.S.C. §2000e(f).}

14. Defendant is an employer within the meaning of Title VII. {See 42 U.S.C. §2000e(b).}

15. Defendant intentionally discriminated against plaintiff because of her sex in violation of Title VII. The employee belonged to a protected class and she was paid at a lower rate and treated differently than her male counterparts.

16. Once Plaintiff complained, she was subjected to retaliation by her coworkers and her supervisors. In fact, she was terminated shortly after complaining of being treated differently than her male counterparts.

17. Defendants, by and through Defendant's agents, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 2000e (2)(a). The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as employee because

of her sex.  Plaintiff was paid less than similarly situated male employees.  After complaining, Plaintiff was subjected to harassment and retaliation.

18. The unlawful employment practices of Defendant, by and through Defendant's agents, had a disparate and adverse impact on Plaintiff because Plaintiff is a female; Such employment practices were not job-related and were not consistent with business necessity.

19. Plaintiff alleges that Defendant by and through Defendant's agents, discriminated against her on the basis of sex with malice or with reckless indifference to the protected rights of Plaintiff.

20. The acts committed by the agents, servants and/or employees of the Defendants in discriminating and discharging Plaintiff constitute violations of Tex. Labor Code § 21.051, et seq., including 21.051, 21.055, 21.056, 21.105, 21.106, and any other applicable provisions.

21. Plaintiff further brings her claims pursuant to Section 21.055 of the Texas Labor Code, in that after Defendant was notified by Plaintiff of offending actions, Defendant not only failed to investigate or take any action to prevent the offensive actions but instead terminated Plaintiff for complaining of the offensive actions.

## VII.
## EQUAL PAY ACT VIOLATIONS
## 29 U.S.C. § 206(d)(1), 29 U.S.C. § 215(a)(2) AND (3),  AND 29 C.F.R. § 1620, *et seq*.

22. The acts committed by the agents, servants and/or employees of the Defendant in paying the Plaintiff less compensation than that given to men performing equal work and in retaliating against the Plaintiff when she reported the disparity in compensation, were discriminatory wage practices based on sex and constitute violations of 29 U.S.C. § 206(d)(1), 29 U.S.C. § 215(a)(2) and (3),  and 29 C.F.R. § 1620, *et seq*.

23. In 2013, Defendant hired males with less experience and education were hired at a higher rate of pay than Ms. Wallace, which violated 29 U.S.C. § 206(d)(1), 29 U.S.C. § 215(a)(2) and 29 C.F.R. § 1620.13(a). In 2013, Defendant hired an untrained male at the same rate as Ms. Wallace. She trained this subordinate male with less experience to be a clinical instructor, and he then began receiving pay at a higher rate than Ms. Wallace within three months, which violated 29 U.S.C. § 206(d)(1), 29 U.S.C. § 215(a)(2) and 29 C.F.R. § 1620.13(a) and (b)(4).

24. The clinical instructor positions acquired by the male employees, as compared to the Plaintiff's clinical instructor position, required equal or substantially equal work the performance of which required equal skill, effort and responsibility and which was to be performed under similar working conditions pursuant to 29 C.F.R. § 1620.13(a), § 1620.15, § 1620.16, § 1620.17, and § 1620.18. In retaliation for Plaintiff's complaints of wage discrimination, the Defendant continued its disparate compensation of Plaintiff and then terminated Plaintiff in willful violation of 29 U.S.C. § 206(d)(1) and 29 U.S.C. § 215(a)(3). Defendants discriminatory acts entitle Plaintiff to legal and equitable relief, including liquidated damages, pursuant to 29 U.S.C. § 216(b), (c) and (e)(2), and 29 C.F.R. § 1620.33(a) and (b).

25. The acts committed by the agents, servants and/or employees of the Defendant in intentionally discriminating against the Plaintiff in connection with the compensation, terms, conditions and privileges of employment because of the Plaintiff's sex and/or by limiting, segregating or classifying Plaintiff in a way which would deprive or tend to deprive Plaintiff of employment opportunities or otherwise adversely affect her status as an employee because of her sex constitute violations of 42 U.S.C. § 2000e-2(a). Further, the acts committed by the agents, servants and/or employees of the Defendant in intentionally discriminating against the Plaintiff

for opposing Defendant's discriminatory actions and/or for making a charge against the Defendant for such discriminatory actions constitute violations of 42 U.S.C. § 2000e-3(a).

26. Plaintiff Wallace has made a claim under the Equal Pay, specifically claiming that she was paid less than her male co-workers, even though she performed substantially equal work. Plaintiff intends to establish, by the preponderance of the evidence that the disparity in pay was not due to any factor other than gender and that the Defendant willfully violated the Equal Pay Act. Defendant knew or showed reckless disregard for whether Plaintiff's underpayment was prohibited by law. The Equal Pay Act extends three years wage differential for defendant's violation of the Equal Pay Act under 29 U.S.C. § 255(a).

## VIII.
## RESPONDEAT SUPERIOR AND RATIFICATION

27. Whenever in this complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## IX.
## DAMAGES

28. As a direct and proximate result of defendant's conduct, Plaintiff suffered the following injuries and damages:

    a. Plaintiff was denied the same benefits and pay as similar male employees and seeks the difference in pay;

    b. Plaintiff was discharged from employment with Defendant. Plaintiff seeks any

lost wages, past and future, to which she may be entitled;

c. Plaintiff suffered mental anguish and emotional distress, both past and future; and

d. Plaintiff suffered pecuniary damages, for which she now seeks recovery.

## X.
## ATTORNEY FEES

29. Plaintiff is entitled to an award of attorney fees, expert fees and costs under Title VII, 42 U.S.C. §2000e-5(k) and the Texas Labor Code.

## XI.
## JURY DEMAND

30. Plaintiff requests a trial by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Defendants be summoned to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the Court and believed to exceed $75,000.00; attorneys fees and expert fees, together with interest, including pre and post judgment interest, as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.  Plaintiff requests a jury trial.

        **Respectfully submitted,**

        /s/ Thomas N. Cammack, III
        **Adam Poncio**
        **State Bar No. 16109800**
        **Thomas N. Cammack, III**
        **State Bar No. 24073762**
        **PONCIO LAW OFFICES**
        **A Professional Corporation**
        **5410 Fredericksburg Road, Suite 109**
        **San Antonio, Texas 78229-3550**
        **Telephone:     (210) 212-7979**
        **Facsimile:     (210) 212-5880**

        **ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

EEOC Form 161-B (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Tracy Wallace<br>3685 Cr 303<br>Jourdanton, TX 78026 | From: | San Antonio Field Office<br>5410 Fredericksburg Rd<br>Suite 200<br>San Antonio, TX 78229 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 451-2014-00045 | Diane Camarillo,<br>Investigator | (210) 281-7671 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)    _Diane Camarillo_ for Travis G. Hicks,  Director    7/10/2014 *(Date Mailed)*

cc:  BROWN MACKIE COLLEGE-SAN ANTONIO
c/o Robert V. Kelley, Jr.
Senior Counsel
Education Management Corp.
210 Sixth Ave., 33rd Floor
Pittsburgh, PA  15222

Adam Poncio
PONCIO LAW OFFICES
5410 Fredericksburg Road, Suite 109
San Antonio, TX 78229

RECEIVED JUL 11 2014